**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30231 |
| Plaintiff - Appellee, | D.C. No. 6:15-cr-00001-SEH-1 |
| v. | |
| ERIKA RAE BROWN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 6, 2016[**]
Seattle, Washington

Before: TASHIMA, McKEOWN, and M. SMITH, Circuit Judges.

Erika Rae Brown appeals her sentence for one count of money laundering in

violation of 18 U.S.C. § 1957. The district court imposed a 56-month sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

based on its calculation of actual loss to the victims of $3,741,047.82. U.S.S.G. § 2B1.1(b), cmt. n.3(A).

We review the district court's interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. *See United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 1990).[1] We review sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We affirm the sentence.

Brown argues that the district court erred by applying an 18-level increase in the offense level because the district court should have used the gain to Brown rather than the actual loss in calculating the loss. The Guideline defines "actual loss" as "the greater of actual or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). The gain to the defendant is relevant only where "there is a loss but it reasonably cannot be determined." *Id.* at cmt. n.3(B). Here, the actual loss to the victims is reasonably determinable by the amount of the fraudulently obtained loan. That Brown forwarded the bulk of the proceeds of the crime to her friends does not

---

[1] We have previously noted an intra-circuit split as to whether abuse of discretion or de novo review applies to the application of the Sentencing Guidelines to the facts of the case. *See United States v. Staten*, 466 F.3d 708, 713 n.3 (9th Cir. 2006); *see also Hornbuckle*, 784 F.3d at 553. We need not resolve this split because the "choice of standard . . . does not affect the outcome of this case." *Hornbuckle*, 784 F.3d at 553 (quoting *United States v. Swank*, 676 F.3d 919, 921 (9th Cir. 2012)).

change the focus on actual loss because that number is readily identifiable. The district court therefore did not err in relying on this estimate of the actual loss.

Brown also argues that the district court abused its discretion in denying her request for a downward variance under 18 U.S.C. § 3553(a) based on alleged unfairness of sentencing under an "artificially inflated" guidelines range, an absence of any prior criminal history, an "absent risk" that Brown would commit another crime, and the burden that Brown's incarceration would put on her family. In determining whether there was an abuse of discretion, we assess whether the district court's decision was "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

The district court did not abuse its discretion in rejecting Brown's characterization of her individual culpability and in giving no additional weight to any personal hardship to Brown's family caused by her incarceration. The record showed that Brown played a central role in the complex scheme and personally fabricated checks purporting to show legitimate business expenses in order to support draws on the loan. The record also showed that the harm to Brown's dependents is mitigated by Brown's partner's duty to provide care. In sum, the mid-range, 56-month sentence—for a complex financial crime causing millions of

dollars in loss—is not demonstrably greater than necessary to serve the purposes of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 110 (2007) (quoting 18 U.S.C. § 3553(a)).

    **AFFIRMED.**